**ALD-284**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2260
_____

JOSEPH ARUANNO,
                                        Appellant

v.

SGT. ALLEN; PAUL LAGANA; OFFICER LAROSA;
OFFICER SINGLETARY; OFFICER SAJACK;
OFFICER CIFELLI; GEORGE HAYMAN; DR. MERRILL MAIN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-01250)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed September 21, 2012)
_____

OPINION
_____

PER CURIAM.

Pro se Appellant Joseph Aruanno appeals from the order of the United States District Court for the District of New Jersey dismissing his civil rights action for failure to state a claim. We will affirm the District Court's judgment.

The District Court's opinions entered on June 1, 2011 and April 10, 2012 contain recitals of the allegations of Aruanno's complaint and amended complaints under 42 U.S.C. § 1983, from which the District Court quoted extensively. It suffices for us to note the following. Aruanno is confined at the Special Treatment Unit (STU) in Avenel, New Jersey, and he filed his complaint without prepayment of fees, pursuant to 28 U.S.C. § 1915. He named as defendants eight staff members at the STU, alleging that they violated his constitutional rights in connection with a March 2007 incident involving a sign posted in the yard. Aruanno alleged that they used excessive force and conducted an illegal strip search when they placed him in "lock up," even after they saw videotape evidence showing that the guilty party was not Aruanno. Aruanno also alleged that he was denied access to his legal papers, to his attorney, and to the courts during his placement in isolation. Further, he contended that the Defendants retaliated against him because of his litigation activities. He alleged that he suffered physical and mental harm as a result of the Defendants' actions.

Having granted Aruanno leave to proceed under the in forma pauperis statute, the District Court screened the initial complaint and subsequent amended complaints, filed

2

with leave of the court, for dismissal for failure to state a claim under section 1915(e)(2)(B). With each complaint, the District Court dismissed the claims with an explanation of the deficiencies of the allegations. For example, in its opinion entered May 5, 2010, the District Court noted that Aruanno had failed to plead facts showing unconstitutional conduct by any Defendant, and that, with one exception, Aruanno had failed to even mention any of the Defendants by name within the description of his claims. Later, by opinion and order entered June 1, 2011, the District Court dismissed with prejudice several of the claims and Defendants in Aruanno's amended complaint. Specifically, the District Court concluded that Aruanno's allegations did not rise to the level of constitutional violations concerning segregated confinement, strip search, retaliatory conduct, and denial of access to the courts. The District Court also dismissed Defendants Lagana, Hayman, and Main, because Aruanno failed to assert any specific allegations of wrongdoing by them. Lastly, the District Court dismissed without prejudice Defendants Allen, LaRosa, Singletary, Sajack, and Cefelli, noting Aruanno's non-specific allegation that "all" of them (insofar as they were identified as officers in the initial complaint) were responsible for placing him in solitary confinement and assaulting him.

The District Court granted Aruanno a final opportunity to assert an excessive force claim against one or all of the officers, suggesting that he file a self-contained section 1983 complaint form to list each defendant and describe the events with specificity.

3

Aruanno then filed a document titled "Final Amended Complaint," along with a motion for appointment of counsel. On April 13, 2012, the District Court evaluated the new submission and dismissed the complaint for failure to state a claim upon which relief can be granted and denied the counsel motion, concluding that granting further leave to amend would be futile, and that appointment of counsel was unwarranted.

Aruanno filed a notice of appeal, which contains argument in support of his appeal. The parties were advised that the appeal would be submitted for possible summary action. Aruanno has filed a response in support of his appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under section 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim under section 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Upon careful consideration, we agree with the District Court's assessment of Aruanno's complaint and amended complaints, and we will affirm for substantially the same reasons presented in the District Court's opinions. Aruanno did not allege facts

4

showing that his placement in lock up was atypical or a significant hardship under Sandin v. Conner, 515 U.S. 472 (1995). Nor did he allege facts that the strip search was so outside the scope of reasonable search policy that it would rise to the level of a Fourth Amendment violation. See Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1517 (2012). Moreover, his allegations fall short of the standards for stating claims of retaliation and of denial of access to the courts. See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (retaliation); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (access to courts). We will briefly address the issues Aruanno presents on appeal.

Aruanno protests that the District Court incorrectly dismissed the supervisory defendants because he did not intend to advance a respondeat superior liability theory. Rather, he insists that all of the defendants were personally involved in the events surrounding the March 2007 incident. However, nowhere does Aruanno allege any specific examples of any conduct--unconstitutional or otherwise--by Defendants Lagana, Hayman, and Main. Aside from naming them individually as defendants, Aruanno does not further mention them in his filings. Aruanno also argues that the District Court ignored his claim that he was denied medical attention, but his allegations do not identify any particular injury, any particular defendant, or any particular conduct that would amount to such a claim. Indeed, in his response in support of his appeal, Aruanno acknowledges that he "cannot remember which one of the countless assaults was each

5

defendant most involved with." Response at 2. Based on the record, we agree that the allegations in the complaint and amended complaints fail to meet the Iqbal standard.

Aruanno seems to argue in his notice of appeal that the District Court should have read his amended complaints in conjunction with his previous submissions. However, the District Court advised Aruanno before he filed his final amended complaint that his previously dismissed complaints do not serve any function in the case, and that the second amended complaint should name each defendant and state facts concerning each defendant. Regardless, we note that none of the allegations in the complaint or amended complaints sufficiently states a claim, whether viewed within their respective documents or in combination with each other.

We discern no error in the District Court's dismissal of Aruanno's case for failure to state a claim. Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See Third Circuit LAR 27.4 and I.O.P. 10.6.